**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEITH A. WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-1084-P-BJ** |
| | § | |
| **X CORP.,** | § | |
| **Defendant.** | § | |

**DEFENDANT X CORP.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ..................................................................................................2

  A.   Plaintiff's Amended Complaint ...............................................................2

  B.   The Relevant Terms .................................................................................3

  C.   Relevant Procedural Background .............................................................5

III.  LEGAL STANDARD ..........................................................................................7

IV.   ARGUMENT .......................................................................................................7

  A.   Plaintiff Lacks Standing to Assert His Claims .......................................7

  B.   Plaintiff's Claims Are Barred by the Relevant Terms ............................9

  C.   Plaintiff Fails to State Any Claim .........................................................11

    1.   Plaintiff fails to plausibly allege his negligence claim .............11

    2.   Plaintiff fails to plausibly allege his breach of contract claim ..................16

  D.   Leave to Amend Should Be Denied .......................................................17

V.    CONCLUSION ..................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Almon v. Conduent Bus. Servs., LLC*, No. SA-19-CV-01075-XR, 2022 WL 902992, at *23 (W.D. Tex. Mar. 25, 2022) .................................................................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 7

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*, No. 3:12-CV-5185-B, 2015 WL 9259056, at *2 (N.D. Tex. Dec. 18, 2015)....................................................................................................... 9

*Bruno v. Donohoe as Tr. of Texas Med. Liab. Tr.*, 754 F. Supp. 3d 737, 747 (W.D. Tex. 2024) 15

*Columbare v. Sw. Airlines, Co.*, No. 3:21-CV-297-B-BK, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023)............................................................................................................. 4

*Doe v. Linam*, 225 F. Supp. 2d 731, 734-37 (S.D. Tex. 2002) .................................................... 12

*Fed. Elec. Comm'n v. Cruz*, 596 U.S. 289, 296 (2022) ............................................................... 7

*Fox Elec. Co. v. Tone Guard Sec., Inc.*, 861 S.W.2d 79, 82 (Tex. App.—Fort Worth 1993) ........ 9

*Gilani v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:21-CV-1461-N, 2023 WL 2518811, at *1 (N.D. Tex. Mar. 13, 2023) ....................................................................................................... 4

*Gorman v. Ethos Grp. Inc.*, No. 3:22-CV-02573-M, 2024 WL 1257493, at *3 (N.D. Tex. Mar. 25, 2024) ...................................................................................................................... 14

*Green v. eBay Inc.*, No. CIV.A. 14-1688, 2015 WL 2066531, at *4 (E.D. La. May 4, 2015) ....... 8

*Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 594 (S.D. Tex. 2022).................... 11, 12

*I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) ........................................ 15, 16

*In re Google, Inc.* No. 5:12-cv-001382, 2015 WL 4317479, at *5 ............................................. 15

*Jones v. Twitter, Inc.*, No. CV RDB-20-1963, 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) ............................................................................................................................ 4

*Judwin Props. Inc. v. Lewis*, 615 S.W.3d 338, 348 (Tex. App.—Houston [14th Dist.] 2020) .... 16

*Kennedy v. Shell USA, Inc.*, No. CV 22-4591, 2024 WL 2863381, at *3 (E.D. La. June 6, 2024) 4

*KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999)... 12

*Littlefield v. Schaefer*, 955 S.W.2d 272, 274 (Tex. 1997) (internal citations omitted)................. 13

*McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003)........................................................................................................... 11

*McKinney v. Wells Fargo Bank, N.A.*, No. SA-19-CV-674-XR, 2019 WL 3305607, at *2 (W.D. Tex. July 23, 2019) ..................................................................................................... 16

*Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) ............... 17

*Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 879 (Tex. App.—Dallas 2008)....... 10

*Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013).................................. 11

*Moates v. Facebook Inc*., No. 22-CV-04478-RFL, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) ................................................................................................................. 4

*Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 36 (2021) ................................................. 9

*Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 348 (N.D. Tex. 2023) ............................................................................................................ 4

*Perlaki v. J.B. Poindexter & Co.*, No. 4:24-CV-01649, 2025 WL 754503, at *4 (S.D. Tex. Mar. 10, 2025) ......................................................................................... 8, 14, 15, 16

*Ross v. NavyArmy Cmty. Credit Union*, No. 2:21-CV-168, 2022 WL 100110, at *2 (S.D. Tex. Jan. 11, 2022) ................................................................................................... 4

*Ryan v. X Corp.*, No. 24-cv-03553-WHO, 2024 WL 5058526, at *2–4 (N.D. Cal. Dec. 9, 2024) 9, 11

*Sava Gumarska v. Advanced Polymer Sciences Inc.*, 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004) ............................................................................................................................. 9

*Sifuentes v. X Corp., Inc.*, No. 24-cv-00590-SK (JSC), 2024 WL 4953431, at *7 (N.D. Cal. Dec. 2, 2024) ................................................................................................................ 11

*Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) ................................. 7

*Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc.*, No. 3:21-CV-1783-G, 2023 WL 5945856, at *5 (N.D. Tex. Sept. 11, 2023) ................................................... 16

*Wansey v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) ...................................................... 11

*Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *3 (W.D. Tex. Apr. 9, 2024) ............................................................................................ 17

*Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *2–3 (N.D. Cal. Nov. 7, 2022) .......................................................................................................................... 4

**Statutes**

Tex. Bus. & Com. Code § 1.201(10) ............................................................................ 16

Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ............................................................... 14

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEITH A. WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-1084-P-BJ** |
| | § | |
| **X CORP.,** | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT X CORP.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendant X Corp. ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss Plaintiff Keith Williams's ("Plaintiff") First Amended Complaint (Dkt. No. 49) for failure to state a claim upon which relief can be granted. In support, Defendant respectfully shows the Court the following:

## I. INTRODUCTION

Plaintiff Keith Williams's ("Plaintiff") Amended Complaint ("FAC") should be dismissed for two independent reasons:

*First*, Plaintiff does not have standing to bring his claims because Plaintiff fails to plausibly allege he has suffered an injury in fact, nor any alleged injury traceable to any conduct by X Corp. His Complaint should be dismissed for that reason alone.

*Second*, even if he had standing to assert his claims (he does not), Plaintiff's Complaint fails to state a claim and therefore should be dismissed. Plaintiff's claims are based on allegations that X Corp. experienced a data breach in January 2023 that purportedly compromised his email address and phone number. Neither of these pieces of information is private—indeed, Plaintiff

included this same information in his publicly filed FAC, as well as in numerous filings he filed in this case before it was transferred to this Court. Plaintiff's claims, based on these allegations, are barred as a matter of law by the relevant version of X Corp.'s Terms of Service, to which Plaintiff admits he agreed when he created and used his X account ("Relevant Terms"). Even if his claims were not barred by the Relevant Terms, Plaintiff also fails to plausibly allege the required elements of his claims, and therefore they should be dismissed.

Plaintiff should be denied leave to amend his complaint. This Court gave Plaintiff "a **final** opportunity to amend his complaint to plead his 'best case'" and "caution[ed] [him] to only allege non-frivolous causes of action that are supported by non-conclusory factual allegations." Dkt. No. 42 at 1, 2. Rather than heed this warning, Plaintiff asserted only frivolous claims supported by conclusory allegations. Accordingly, Plaintiff's FAC should be dismissed with prejudice.

## II.    BACKGROUND

### A.    Plaintiff's Amended Complaint

Plaintiff alleges he "created and maintained an account on Defendant's platform," Twitter.[1] FAC ¶ 6. Plaintiff further alleges that "[o]n or about December 2022 to January 2023, Defendant experienced a massive data breach that exposed" Plaintiff's "email address, phone number, and other personally identifiable information." *Id.* ¶¶ 8, 10. Plaintiff contends this purported breach occurred because X Corp. allegedly failed to" implement and maintain reasonable data security systems;" "patch known software vulnerabilities;" "encrypt sensitive user data;" and "monitor its systems for unauthorized intrusions. *Id.* ¶ 9. Plaintiff also alleges that his credit report "reflects multiple unauthorized hard inquiries, a significant decrease in his credit score, and several

---

[1] "Twitter" has since been re-branded as "X." Because the alleged events giving rise to this case occurred before that re-branding, and for ease of reference, this brief continues to refer to the platform as "Twitter."

fraudulently opened accounts that he has had to dispute." *Id.* ¶ 14. Plaintiff further alleges that he "was forced to subscribe to and pay for credit monitoring and identity theft protection services," and that he suffers "from emotional distress" and has "lost numerous hours addressing and mitigating the fallout from this identity theft." *Id.* ¶¶ 16–17.

The FAC asserts two claims against X Corp.: (1) negligence and (2) breach of contract. *Id.* ¶¶ 18–25. For relief, Plaintiff demands $1,500,000 in compensatory damages, purportedly "representing actual financial loss, emotional distress, and loss of credit reputation," as well as punitive damages. *Id.* § IV.

### B.    The Relevant Terms

Plaintiff's FAC alleges that by "creat[ing] and maintain[ing]" his Twitter account, he "agree[d] to and [was] bound by [X Corp.']s Terms of Service and Privacy Policy." FAC ¶ 6. He further alleges that "[X Corp.'s] Terms of Service constituted a valid and enforceable contract between the parties." *Id.* ¶ 22.

By creating his account and by using Twitter, Plaintiff necessarily agreed to X Corp.'s Terms of Service ("Relevant Terms"). Declaration of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Decl."), Ex. 1 at 2 ("By using the Services you agree to be bound by these Terms."); *id.*, Ex. 2 at 2 (same); *id.*, Ex. 5 at 4 ("By continuing to access or use the Services . . . you agree to be bound by the revised Terms").[2]

---

[2] X Corp. respectfully requests that the Court, under Federal Rule of Evidence 201, take judicial notice of an archived version of Twitter's Terms of Service that were effective on January 1, 2023 (Trujillo-Jamison Decl. ¶ 3 & Ex. 1); an archived version of Twitter's Terms of Service that were effective on January 31, 2023 (Trujillo-Jamison Decl. ¶ 4 & Ex. 2); an archived version of Twitter's operative Privacy Policy that was effective on January 1, 2023 (Trujillo-Jamison Decl. ¶ 5 & Ex. 3); an archived version of Twitter's operative Privacy Policy that was effective on January 31, 2023 (Trujillo-Jamison Decl. ¶ 6 & Ex. 4); an archived version of X Corp.'s Terms of Service that were effective on February 14, 2025 (Trujillo-Jamison Decl. ¶ 7 & Ex. 5); and an archived version of X Corp.'s Privacy Policy that was in effect on February 14, 2025 (Trujillo-

The Relevant Terms provide that Plaintiff "consent[ed]" to X Corp.'s "collection and use" of his personal information he provided to X Corp. "(as set forth in [X Corp.'s] Privacy Policy)." *Id.* Ex. 1 at 2–3; *id.*, Ex. 2 at 2–3 (same); *id.*, Ex. 5 at 5 (same). The Relevant Terms also state that "the information that [Plaintiff] provide[s] to [X Corp.]" is subject to the Privacy Policy, which "describes how [X Corp.] handle[]s the information [Plaintiff] provides to [X Corp.]" *Id.*, Ex. 1 at 2–3; *id.*, Ex. 2 at 2–3 (same); *id.*, Ex. 5 at 5 (same). Although X Corp. takes commercially reasonable steps to keep its users' data secure, the Privacy Policy contains no language obligating

---

Jamison Decl. ¶ 8 & Ex. 6). These exhibits, which are copies of X Corp.'s publicly available webpages, are properly subject to judicial notice because their contents are not subject to reasonable dispute. *See Kennedy v. Shell USA, Inc*., No. CV 22-4591, 2024 WL 2863381, at *3 (E.D. La. June 6, 2024) (taking judicial notice of defendant's website); *Columbare v. Sw. Airlines, Co*., No. 3:21-CV-297-B-BK, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) (taking judicial notice of contract available on defendant's website and collecting cases where "[c]ourts have taken judicial notice of publicly available information on a company's official website"), *report and recommendation adopted*, No. 3:21-CV-297-B-BK, 2023 WL 416548 (N.D. Tex. Jan. 25, 2023). Also, courts routinely take judicial notice of a company's terms of service, such as Exhibits 1 and 2. *See Ross v. NavyArmy Cmty. Credit Union*, No. 2:21-CV-168, 2022 WL 100110, at *2 (S.D. Tex. Jan. 11, 2022) (taking judicial notice of PayPal's terms and conditions); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *2–3 (N.D. Cal. Nov. 7, 2022) (finding that Twitter's Terms of Service (among other documents) were "properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute"); *Jones v. Twitter, Inc*., No. CV RDB-20-1963, 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) (X Corp.'s "publicly available Terms of Service are subject to judicial notice.").

In addition, this Court may take judicial notice of these Terms of Service, as well as the Privacy Policies that, like the Terms of Service, were part of the "User Agreement" between Plaintiff and X Corp., because Plaintiff's FAC alleges that they are a "valid and enforceable contract between the parties" and asserts a claim for breach of the Relevant Terms. FAC ¶¶ 22–25. These exhibits thus are directly referenced in and central to Plaintiff's claims and subject to incorporation by reference. *See Gilani v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:21-CV-1461-N, 2023 WL 2518811, at *1 (N.D. Tex. Mar. 13, 2023) ("[A] district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced within it . . . ."); *Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 348 (N.D. Tex. 2023) (incorporating contract by reference into complaint), *aff'd*, No. 23-10192, 2023 WL 8649880 (5th Cir. Dec. 14, 2023); *Moates v. Facebook Inc*., No. 22-CV-04478-RFL, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) ("Because the Terms of Service form the basis of Plaintiff's claims and is directly referenced within the [complaint], it is incorporated by reference." (citation omitted)).

---

X Corp. to ensure that user data will be kept safe from cyberattacks (nor can it practically do so), nor does it obligate X Corp. to provide notice of any security breach. *See generally id.*, Exs. 3, 5, 6. Plaintiff also does not identify any language in the Privacy Policy that required X Corp. to "protect user data." *See* FAC ¶¶ 7, 23.

> The Relevant Terms also provide:
>
> Your access to and use of the Services or any Content are at your own risk. You understand and agree that the Services is provided to you on an "AS IS" and "AS AVAILABLE" basis. . . . [X Corp.] make[s] no warranty or representation and disclaim[s] all responsibility and liability for . . . the . . . security or reliability of the Services . . . loss of data, or other harm that results from your access to or use of the Services . . . . whether the Services will meet your requirements or be available on . . . [a] secure . . . basis.

*Id.* Ex. 1 at 9–10; *id.*, Ex. 2 at 9–10 (same); *id.*, Ex. 5 at 12 (same). The Relevant Terms also include a limitation of liability clause that states, in relevant part:

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, [X Corp.] SHALL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES, OR ANY LOSS OF PROFITS OR REVENUES, WHETHER INCURRED DIRECTLY OR INDIRECTLY, OR ANY LOSS OF DATA, USE . . . OR OTHER INTANGIBLE LOSSES, RESULTING FROM . . . (i) YOUR ACCESS TO OR USE OF . . . THE SERVICES; (ii) ANY CONDUCT . . . OF ANY THIRD PARTY ON THE SERVICES, INCLUDING WITHOUT LIMITATION, ANY . . . OFFENSIVE OR ILLEGAL CONDUCT OF OTHER USERS OR THIRD PARTIES; . . . OR (iv) UNAUTHORIZED ACCESS, USE . . . OF YOUR TRANSMISSIONS OR CONTENT. . . . THE LIMITATIONS OF THIS SUBSECTION SHALL APPLY TO ANY THEORY OF LIABILITY, WHETHER BASED ON WARRANTY, CONTRACT, STATUTE, [or] TORT . . . .

*Id.* Ex. 1 at 10; *id.*, Ex. 2 at 10; *id.*, Ex. 5 at 12–13.

### C.    Relevant Procedural Background

On February 15, 2025, Plaintiff initiated this lawsuit in the Southern District of Alabama. *Williams v. X Corp. (formerly Twitter, Inc.)*, No. 1:25-cv-00058 ("Alabama Lawsuit"). Dkt. No. 1. There, as here, Plaintiff alleged that his email address and phone number were leaked during a January 2023 data breach. *Id.* ¶¶ 6–7. But his publicly filed complaint included his personal email

address, phone number, and his home residential address. *Id.* at 3 (signature block). Also, in that complaint, like here, he asserted claims for negligence and breach of contract, as well as a claim for violation of "Privacy Laws," including the Federal Trade Commission Act. *Id.* ¶¶ 10–21.

X Corp. later moved to transfer the Alabama Lawsuit to this Court pursuant to the forum-selection clause in the version of the X Corp. Terms of Service that were effective when Plaintiff sued. Dkt. No. 20. X Corp. also moved to dismiss the complaint in the Alabama Lawsuit. Dkt. No. 32. There, X Corp. argued, among other things, that Plaintiff lacked standing to bring his claims, that his claims were barred by the Relevant Terms, and that he failed to adequately allege the elements of his causes of action. *Id.* at 9–21.

On October 1, 2025, the Southern District of Alabama granted X Corp.'s motion to transfer and transferred the action to this Court. Dkt. No. 37. Six days later, this Court issued its "Order Requiring Plaintiff to File an Amended Complaint." Dkt. No. 42. There, the Court observed that, in papers Plaintiff filed in connection with X Corp.'s motion to dismiss, Plaintiff "assert[ed] many new facts that are not alleged in his Complaint," and explained that "[t]he Court . . .  cannot consider new factual allegations made outside the complaint in ruling" on X Corp.'s motion to dismiss. *Id.* at 1. The Court, recognizing Plaintiff's status as a pro se litigant, gave "Plaintiff a **final** opportunity to amend his complaint to plead his 'best case' . . . ." *Id.* The Court "caution[ed] Plaintiff to only allege non-frivolous causes of action that are supported by non-conclusory factual allegations." *Id.* at 2. The Court ordered Plaintiff to file an Amended Complaint that "shall stand on its own, contain all allegations in one document and any attachments, and not incorporate by reference any other documents." *Id.*

On October 21, 2025, Plaintiff served the FAC on X Corp's counsel, and the Court filed the FAC two days later. Dkt. No. 49 at 3; *see id.* (ECF document header states "Filed 10/23/25").

III.    **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While "pro se complaints are held to less stringent standards . . . regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (cleaned up).

IV.    **ARGUMENT**

A.    **Plaintiff Lacks Standing to Assert His Claims**

To have standing to bring a claim in federal court, a plaintiff must allege: "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by the requested relief." *Fed. Elec. Comm'n v. Cruz*, 596 U.S. 289, 296 (2022). Plaintiff fails to allege facts sufficient to meet these requirements, and he therefore lacks standing for his claims.

Plaintiff does not allege he has suffered any harm "traceable" to any conduct by X Corp. Plaintiff alleges only that his "email address," "phone number," and "other personally identifiable information" were "publicly exposed online and on the dark web," and that he later "became a victim of identity theft and fraud." FAC ¶¶ 10, 12–13. Neither his email address nor his phone number constitute private information—particularly because *Plaintiff himself* has repeatedly included that very information in his publicly filed FAC, and in several documents he filed in the Alabama Lawsuit. *See* FAC at 2 (signature block); Dkt. Nos. 4, 9, 17, 19, 21, 22; *see also* Dkt. No. 34 (attaching his credit report containing details such as his full name, year of birth, past residential

addresses, telephone numbers, employers, and financial accounts). And Plaintiff does not specify the "other personally identifiable information" that purportedly was revealed. In sum, Plaintiff does not plausibly allege that X Corp. possessed, much less exposed, any of Plaintiff's *private* information, and therefore he fails to show any injury he suffered that is traceable to any conduct by X Corp. *See Green v. eBay Inc*., No. CIV.A. 14-1688, 2015 WL 2066531, at *4 (E.D. La. May 4, 2015) (plaintiff had no standing to assert claims for data breach where there is no allegation that his financial information or social security number had been exposed). Nor does Plaintiff allege facts sufficient to plausibly allege that any purported identity fraud he has experienced was caused by *X Corp.'s* conduct, as opposed to being the result of unauthorized access to his truly private information by other actors.

In sum, because Plaintiff fails to show how any alleged injury is traceable to X Corp., he lacks standing to bring his claims. The claims therefore should be dismissed. *See Perlaki v. J.B. Poindexter & Co.*, No. 4:24-CV-01649, 2025 WL 754503, at *4 (S.D. Tex. Mar. 10, 2025) ("Because Perlaki's phone number and email address could have been accessed elsewhere, and because his credit card information has not been alleged to be in J.B. Poindexter's possession, Perlaki fails to show that his alleged harm is traceable to J.B. Poindexter's data breach"); *Almon v. Conduent Bus. Servs., LLC*, No. SA-19-CV-01075-XR, 2022 WL 902992, at *23 (W.D. Tex. Mar. 25, 2022) ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'").[3]

---

[3] On October 30, 2025, Plaintiff emailed X Corp.'s counsel a document titled "Notice of Supplemental Authority" ("Notice") that he presumably has submitted to the Court for filing. As of the filing of this Motion, the Notice does not appear as filed in the Court's record. The Notice refers to other documents that it asserts were attached to the FAC, including a "FTC Report" and

### B.    Plaintiff's Claims Are Barred by the Relevant Terms

Plaintiff's claims, which arise from his use of Twitter, are barred by the Relevant Terms's disclaimer and limitation of liability provisions where X Corp. disclaimed any obligation to ensure Plaintiff's information was secure from the bad acts of third parties and any liability for such acts. *See* Trujillo-Jamison Decl., Ex. 1 at 10; Ex. 2 at 10; Ex. 5 at 12–13.

It is well settled that "[g]enerally under Texas law, limitation of liability clauses are enforceable." *See BCC Merch. Sols., Inc. v. Jet Pay, LLC*, No. 3:12-CV-5185-B, 2015 WL 9259056, at *2 (N.D. Tex. Dec. 18, 2015) (citing *Sava Gumarska v. Advanced Polymer Sciences Inc.*, 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004)); *Fox Elec. Co. v. Tone Guard Sec., Inc.*, 861 S.W.2d 79, 82 (Tex. App.—Fort Worth 1993) ("agreements to limit liability for future negligence are enforceable"); *see also Ryan v. X Corp.*, No. 24-cv-03553-WHO, 2024 WL 5058526, at *2–4 (N.D. Cal. Dec. 9, 2024) (enforcing X Corp.'s Terms of Services' limitation of liability clause to bar claims asserted by X user); *Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 36 (2021) (enforcing limitation of liability clause and explaining that Twitter, like other "service providers that offer free services to Internet users may have a legitimate commercial need to limit their liability").

Plaintiff's claims against X Corp. are based on his allegations of X Corp.'s "failure to implement reasonable data security measures." FAC ¶ 1. Plaintiff's claims fall squarely within,

---

a "HaveIBeenPwned" report. But those documents are not attached to the version of the FAC filed with the Court.

If the clerk files the Notice, it should be stricken as an improper attempt to amend Plaintiff's FAC, particularly considering the Court's admonition that "**the Amended Complaint shall stand on its own, contain all allegations in one document and any attachments, and not incorporate by reference any other documents.**" Dkt. No. 42 at 2. Even if considered, the improperly submitted Notice purports to show only that Plaintiff's email address and telephone number were improperly accessed. As explained above, that information is public, not private. The Notice also does not show that such information was obtained through the alleged X Corp. breach. As such, for the reasons stated in Section IV.A., *supra*, Plaintiff lacks standing to assert his claims, which should be dismissed.

and are barred by, the Relevant Terms' disclaimer, which provide, in relevant part, that (a) Plaintiff uses Twitter "*at [his] own risk*" and (b) X Corp. "make[s] no warranty or representation and disclaim[s] all responsibility and liability for . . . the *security* or reliability of the Services . . . loss of data, or *other harm that results from [his] access to or use of the Services* . . . [or] whether the Services will be . . . available on . . . [a] *secure* basis." Trujillo-Jamison Decl., Ex. 1 at 9–10 (emphasis added); *see also id.*, Ex. 2 at 9–10 (same); *id.*, Ex. 5 at 12 (same).

Plaintiff's claims also are barred by the Relevant Terms' limitation of liability provision, which provides that X Corp.:

> SHALL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES, OR ANY LOSS OF PROFITS OR REVENUES, WHETHER INCURRED DIRECTLY OR INDIRECTLY, OR ANY LOSS OF DATA, USE . . . OR OTHER INTANGIBLE LOSSES, RESULTING FROM . . . (i) YOUR ACCESS TO OR USE OF . . . THE SERVICES; (ii) *ANY CONDUCT . . . OF ANY THIRD PARTY ON THE SERVICES, INCLUDING WITHOUT LIMITATION, ANY . . . OFFENSIVE OR ILLEGAL CONDUCT OF OTHER USERS OR THIRD PARTIES*; . . . OR (iv) *UNAUTHORIZED ACCESS, USE . . . OF YOUR TRANSMISSIONS OR CONTENT.* . . . THE LIMITATIONS OF THIS SUBSECTION SHALL APPLY TO ANY THEORY OF LIABILITY, WHETHER BASED ON WARRANTY, CONTRACT, STATUTE, [or] TORT . . . .

*Id.* Ex. 1 at 10 (emphasis added); *see also id.,* Ex. 2 at 10; *id.*, Ex. 5 at 12–13. Under these clearly applicable provisions, all of Plaintiff's claims are barred. *See Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 879 (Tex. App.—Dallas 2008) ("their action is for breach of contract and the Agreement's limitation-of-liability clause applies to measure their claimed loss"); *see also Sifuentes v. X Corp., Inc.*, No. 24-cv-00590-SK (JSC), 2024 WL 4953431, at *7 (N.D. Cal. Dec. 2, 2024), *appealed*, No. 25-1365 (holding that Plaintiff's claims for negligence and breach of contract (among other claims) were barred by X Corp.'s Terms of Service); *see also Ryan*, 2024 WL 5058526, at *2–3 (holding that X Corp.'s Terms of Service barred claims asserted by X user, and noting the "liability limitation applies to 'any theory of liability, whether based on . . . contract,

statute, tort . . . or otherwise").

In sum, the Relevant Terms' disclaimer and limitation of liability provision bar Plaintiff's claims, which should be dismissed with prejudice.

### C.    Plaintiff Fails to State Any Claim

#### 1.    *Plaintiff fails to plausibly allege his negligence claim*

Under Texas law, negligence "include[s] the elements of a legal duty that was owed to another, a breach of that duty, and injury proximately resulting from the breach." *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003); *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013).

As a threshold matter, Plaintiff fails to state a claim for negligence, because that claim is barred as a matter of law by the "economic loss rule." That rule generally allows tort claims in addition to a breach of contract claim only where physical injury to person or property is alleged—not just economic loss. *Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 594 (S.D. Tex. 2022) ("Under Texas law, no tort duty exists when the only injury claimed is one for economic damages recoverable under a breach of contract claim.") (citation modified) (quoting *Wansey v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam) (citation omitted)). Here, as the FAC freely admits, Plaintiff and X Corp. are parties to the Relevant Terms, and Plaintiff's claims are governed by those terms (as explained above, *see* Section IV.B, *supra*). And Plaintiff does not allege any physical injury or property damage purportedly caused by the data breach. The economic loss rule therefore applies, and Plaintiff's negligence claim is barred as a matter of law. *See Hansen*, 642 F. Supp. 3d at 594 (dismissing the plaintiff's negligence claim where the only injury was economic damages recoverable under a breach of contract claim).

Even if Plaintiff's negligence claim were not barred by the economic loss rule, it still fails as a matter of law because the claim is time-barred under Texas's two-year statute of limitations

for negligence claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999) (applying a two-year statute of limitations to a negligence claim under Texas law). Plaintiff alleges the purported data breach that allegedly compromised his data occurred no later than January 2023. FAC ¶ 8. Plaintiff did not file his FAC until October 23, 2025, more than two years after the alleged data breach occurred, and therefore the claim is time-barred. Plaintiff's negligence claim therefore is time-barred. *See Doe v. Linam*, 225 F. Supp. 2d 731, 734-37 (S.D. Tex. 2002) (dismissing the plaintiff's negligence claim because "claims for negligence . . . are barred by the two-year statute of limitations" and no exception applied).[4]

Even if Plaintiff's negligence claim were not barred by the economic loss rule or the statute of limitations, the claim still should be dismissed because Plaintiff fails to plausibly allege the elements of his negligence claim.

*First*, Plaintiff fails to plausibly allege X Corp. owed him a duty of care. He alleges in conclusory fashion that X Corp. "owed a legal duty to [him] to exercise reasonable care in securing and safeguarding" Plaintiff's data. FAC ¶ 18. But as explained above, in the Relevant Terms, X Corp. expressly disclaimed any responsibility "for[] the . . . security" of its platform. Trujillo-Jamison Decl., Ex. 1 at 9; *id.*, Ex. 2 at 9; *id.*, Ex. 5 at 12. That disclaimer adequately disclaimed any duty of care X Corp. may have owed to Plaintiff.

Under Texas law, a risk-shifting clause such as a disclaimer for negligence is enforceable if it satisfies two fair notice requirements:

First, a party's intent to be released from all liability caused by its own future negligence must be expressed in unambiguous terms within the four corners of the

---

[4] Even if his negligence claim is deemed to relate back to his complaint filed in the Alabama Lawsuit, it still is time-barred because Plaintiff filed that complaint on February 14, 2025, more than two years after the alleged breach.

contract. Second, the clause must be "conspicuous" under the objective standard defined in the Uniform Commercial Code.

*Littlefield v. Schaefer*, 955 S.W.2d 272, 274 (Tex. 1997) (internal citations omitted). A clause "is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals . . . is conspicuous. Language in a body of a form is conspicuous if it is in larger or other contrasting type or color." *Id.* (quoting Tex. Bus. & Com. Code § 1.201(10)).

X Corp. expressly disclaimed any duty of care in its Relevant Terms, which (a) included a large header that is bolded and titled "Limitation of Liability" and (b) the disclaimer itself appears in all capitals, unlike the other contract terms, and provides, in relevant part, that X Corp. "SHALL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES" and "THE LIMITATIONS OF THIS SUBSECTION SHALL APPLY TO ANY THEORY OF LIABILITY, WHETHER BASED ON WARRANTY, CONTRACT, STATUTE, [or] TORT . . . ." Trujillo-Jamison Decl., Ex. 1 at 9; *id.*, Ex. 2 at 9; *id.*, Ex. 5 at 12. Thus, the contractual limitation of liability clause is enforceable because it is "expressed in unambiguous terms" within the Relevant Terms and is "conspicuous." *See Littlefield*, 955 S.W.2d at 274.

Even absent that contractual bar, Plaintiff still does not plausibly allege X Corp. owed him a duty of care, for at least two reasons. *First*, Plaintiff does not identify any statutory duty of care X Corp. owed to him. *Gorman v. Ethos Grp. Inc.*, No. 3:22-CV-02573-M, 2024 WL 1257493, at *3 (N.D. Tex. Mar. 25, 2024) ("Plaintiffs do not identify any statutes—and thus appear to concede the absence of any statutory duty of care."). *Second*, as explained above, Plaintiff alleges that his email address and phone number—which is publicly available information—was compromised. Plaintiff does not allege why X Corp. had a duty of care to safeguard such publicly available

information. *Perlaki*, 2025 WL 754503, at *4 ("Because Perlaki's phone number and email address could have been accessed elsewhere . . . Perlaki fails to show that his alleged harm is traceable to J.B. Poindexter's data breach.").

Even if Plaintiff had plausibly alleged X Corp. owed him a duty of care (he did not), Plaintiff also fails to plausibly allege a breach of any such duty of care, much less that he suffered injury proximately caused by the breach. Plaintiff alleges in conclusory fashion that X Corp. "fail[ed] to implement adequate security measures" and that "Defendant's breach was the direct and proximate cause of Plaintiff's injuries." FAC ¶ 20. These conclusory allegations are insufficient to plausibly allege X Corp. breached a duty of care that caused Plaintiff injury, for several reasons.

*First*, he does not plausibly allege an essential factual predicate for damages—that *any* of his private information was stolen in the alleged data breach. Plaintiff alleges the data breach "exposed . . . personal data" including "Plaintiff's email address, phone number, and other personally identifiable information," the last of which he does not specify. FAC. ¶¶ 8, 10. That information is not *private*—particularly where he included it in his publicly filed Complaint. FAC at 3 (signature block). *Perlaki*, 2025 WL 754503, at *4 ("Because Perlaki's phone number and email address could have been accessed elsewhere . . . Perlaki fails to show that his alleged harm is traceable to J.B. Poindexter's data breach."); *cf. Bruno v. Donohoe as Tr. of Texas Med. Liab. Tr.*, 754 F. Supp. 3d 737, 747 (W.D. Tex. 2024) (finding that allegations that personal health information had affirmatively been accessed via a data breach); *see also In re Google, Inc.* No. 5:12-cv-001382, 2015 WL 4317479, at *5 ("Plaintiffs freely publish their names and email addresses through their work websites. If disclosure did occur, then, it would not constitute injury.") (dismissing data breach claims); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D.

Cal. 2022) ("basic contact information, including one's email address, phone number, or Facebook or Zynga username" is not "private information," where "[a]ll of this information is designed to be exchanged to facilitate communication and is thus available through ordinary inquiry and observation") (dismissing data breach claims). In short, Plaintiff's basic contact information, including his email address and phone number, is public information, and he cannot plausibly establish any damages caused by the purported release of this information.

*Finally*, Plaintiff does not plausibly allege he suffered damages. Plaintiff alleges he "became a victim of identity theft and fraud," but he does not allege how such identity theft could be caused by the release of his email address and phone number—particularly when common sense compels the conclusion that financial accounts cannot be opened with an email address and phone number. *See Perlaki*, 2025 WL 754503, at *3 ("Here, absent any evidence of actual or imminent misuse, the risk to [Perlaki] has not materialized."); *see also Zynga, Inc.*, 600 F. Supp. 3d at 1052–53 (the "risk of harm . . . is too conjectural," where court was dubious that "criminals would be able to use e-mail addresses, Zynga usernames and Zynga passwords, Facebook username, phone numbers, and dates of birth, even collectively, to commit identity theft") (dismissing negligence and breach of contract claims based on data breach). Thus, Plaintiff's threadbare allegation that he "became a victim of identity theft and fraud" (FAC ¶ 13) caused by the release of his email address and phone number is implausible, and the resulting purported damages he suffered from that purported identity theft are insufficient to state a claim. *See Perlaki*, 2025 WL 754503, at *3; *Zynga, Inc.*, 600 F. Supp. 3d at 1052–53.

In sum, Plaintiff's negligence claim should be dismissed because it is barred by the economic loss rule and the statute of limitations, and because Plaintiff fails to plausibly allege the required elements of his negligence claim.

### 2.    *Plaintiff fails to plausibly allege his breach of contract claim*

The elements of a breach of contract claim are: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result of the breach." *Judwin Props. Inc. v. Lewis*, 615 S.W.3d 338, 348 (Tex. App.—Houston [14th Dist.] 2020) (citation omitted).

Plaintiff fails to plausibly allege the required elements of this claim. Plaintiff does not plausibly allege a breach of the Relevant Terms, as Plaintiff does not—and cannot—identify any provision in the Relevant Terms that obligated X Corp. to "protect [his] user data." FAC ¶ 23; *see McKinney v. Wells Fargo Bank, N.A.*, No. SA-19-CV-674-XR, 2019 WL 3305607, at *2 (W.D. Tex. July 23, 2019) ("Plaintiff does not identify any specific provision breached. Thus, to the extent she brings a breach of contract claim, that claim is dismissed."); *Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc.*, No. 3:21-CV-1783-G, 2023 WL 5945856, at *5 (N.D. Tex. Sept. 11, 2023) ("[T]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that a defendant allegedly breached."). As noted above, although X Corp. takes commercially reasonable steps to keep its users' data secure, the Privacy Policy—which is incorporated into the Relevant Terms—does not obligate X Corp. to ensure that user data will be kept safe from cyberattacks (nor can it practically do so), nor does it obligate X Corp. to provide notice of any security breach. *See generally* Trujillo-Jamison Decl., Exs. 3, 5, 6. In other words, Plaintiff does not—and cannot—plausibly allege X Corp. breached any contract.

Plaintiff also fails to plausibly allege proximate cause for his alleged injuries nor damages, for the same reasons stated above for his negligence claim. *See* Sections IV.A.; IV.C.1.

In sum, Plaintiff fails to plausibly allege the required elements of his breach of contract claim, which should be dismissed

### D.       Leave to Amend Should Be Denied

Generally, dismissal without leave to amend is "appropriate" where "amendment is futile because . . . the legal theory upon which a complaint relies is indisputably meritless." *Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (internal quotation marks omitted) (affirming denial of leave to amend). That is the case here. Plaintiff's claims are inescapably barred by the Relevant Terms, and no amendment could cure that inherent defect in Plaintiff's legal theory. *See Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *3 (W.D. Tex. Apr. 9, 2024) (denying pro se plaintiff leave to amend because "amendment would be futile").

Dismissal without leave to amend is particularly appropriate here because this Court already admonished Plaintiff that he had "a **final** opportunity to amend his complaint to plead his 'best case,'" and "caution[ed] Plaintiff to only allege non-frivolous causes of action that are supported by non-conclusory factual allegations." Dkt. 42 at 1, 2 (initial emphasis added). Plaintiff did not heed the call. The FAC, at its core, asserts frivolous claims that Plaintiff somehow was victimized by the alleged public release of the very information Plaintiff has repeatedly included in his publicly filed documents in this case. And The FAC contains paradigmatic examples of conclusory recitations of the elements of Plaintiff's purported claims.

Accordingly, and consistent with the Court's October 7, 2025 order, this Court should not grant Plaintiff another opportunity to amend his FAC.

### V.      <u>CONCLUSION</u>

For these reasons, the FAC should be dismissed with prejudice.

Dated: November 4, 2025                                Respectfully submitted,

                                                       */s/ Spencer M. Mainka*
                                                       Caroline C. Harrison
                                                       State Bar No. 24046034
                                                       charrison@phamharrison.com
                                                       Spencer M. Mainka
                                                       State Bar No. 24116707
                                                       smainka@phamharrison.com
                                                       Tucker F. Sowell
                                                       State Bar No. 24137686
                                                       tsowell@phamharrison.com

                                                       PHAM HARRISON LLP
                                                       Tindall Square Bldg. No. 2
                                                       505 Pecan St. Suite 200
                                                       Fort Worth, TX 76102-3685
                                                       Telephone: (817) 632-6300
                                                       Facsimile: (817)632-6313

                                                       Kenneth M. Trujillo-Jamison
                                                       (admitted pro hac vice)
                                                       WILLENKEN LLP
                                                       707 Wilshire Blvd., Suite 4100
                                                       Los Angeles, CA 90017
                                                       Telephone: (213) 955-9240
                                                       Facsimile: (213) 955-9250
                                                       ktrujillo-jamison@willlenken.com

                                                       *Attorneys for Defendant X Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby acknowledges that a true and correct copy of the above-mentioned document was sent via the Court's CM/ECF electronic service and email and on this the 4th day of November 2025 as follows:

Keith Williams
6658 Mauvilla Drive West
Eight Mile, AL 36613
keith_williams04@hotmail.com

*Plaintiff appearing Pro Se*

*/s/ Spencer M. Mainka*
Spencer M. Mainka
