IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH A. WILLIAMS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-1084-P |
| | § | |
| X CORP., | § | |
| | § | |
| **Defendant.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION TO DISMISS**</u>

Pending before the Court is Defendant X Corp. ("Defendant")'s Motion to Dismiss Plaintiff's Amended Complaint [doc. 52] under Federal Rules of Civil Procedure ("Rule") 12(b)(6), filed on November 4, 2025. This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). Having reviewed the motion, response, reply, and relevant law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** for the reasons stated herein.

## I.     RELEVANT FACTUAL BACKGROUND

This case is about a data breach of Twitter that occurred sometime between December 2022 and January 2023. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1.)  *Pro se* Plaintiff Keith A. Williams ("Plaintiff") alleges that during that data breach his "email address, phone number, and other personally identifiable information" were stolen. (Pl.'s Am. Compl. at 1-2.) Plaintiff does not specify what other personally identifiable information was stolen.  (*See id.*) However, based on his response, it appears that the only information stolen was his email address and phone number.  (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Resp.") at 2 (only referring to his phone number and email as the stolen information).)  Plaintiff alleges

1

that, after his phone number and email were exposed, he "became a victim of identity theft and fraud." (Pl.'s Am. Compl. at 2.)  Specifically, he alleges that his "Equifax credit report reflects multiple unauthorized hard inquiries, a significant decrease in his credit score, and several fraudulently opened accounts that he has had to dispute." (*Id.*)

Based on the preceding, Plaintiff claims he "was forced to subscribe to and pay for credit monitoring and identity theft protection services[,]" suffered emotional distress, and "lost numerous hours addressing and mitigating the fallout from this identity theft." (*Id.*)  As a result, Plaintiff is asserting claims against Defendant for negligence and breach of contract. (*See id.*)  Plaintiff's negligence claim asserts that Defendant breached its duty to safeguard his data. (*See id.*)  Plaintiff's breach of contract claim is premised on Defendant breaching the contract[1] between them by "failing to uphold its promise to protect user data." (*Id.*)  The Court will address each count in turn.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This Rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court.  Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions).  The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the

---

[1] The parties agree that the contract in question is Twitter's terms of service and privacy policy.  (*See* Pl.'s Am. Compl. at 2; *see also* Def.'s Mot. to Dismiss at 7.)

plaintiff. *See  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).  Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Further, when a plaintiff alleges claims sounding in fraud, they must be pleaded with particularity in accordance with Rule 9(b). *Nix v. Major League Baseball*, 62 F.4th 920, 931 (5th Cir. 2023).  In other words, a plaintiff must provide the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (citation omitted).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments.  A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007).  In addition, a "court may consider documents attached to a

3

motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).  If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

### III.    DISCUSSION

#### A.    <u>Count I: Negligence</u>

Defendant argues that the Court should dismiss Plaintiff's negligence claim because Plaintiff "does not address, and therefore concedes, that Plaintiff's negligence claim is barred by the economic loss rule."  (*See* Defendant X Corp.'s Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Def.'s Reply") at 5; *see also* Defendant X Corp.'s Motion to Dismiss Plaintiff's Amended Complaint (Def.'s Mot. to Dismiss") at 11-12.)  "Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue." *MCR Oil Tools, LLC v. DMG Mori USA, Inc.*, No. 4:20-CV-00560-O, 2020 WL 13133311, at *9 (N.D. Tex. Sept. 15, 2020) (O' Connor, J.) (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *see also Wheeler v. Dovenmuehle Mortgage, Inc.*, No. 3:24-CV-2058-S-BK, 2025 WL 936664, at *3 (N.D. Tex. Mar. 4, 2025) ("Indeed, Plaintiff's failure to meaningfully respond to any of Defendants' arguments constitutes abandonment of all his claims."), *rep. and rec. adopted*, No. 3:24-CV-2058-S-BK, 2025 WL 936657 (N.D. Tex. Mar. 27, 2025); *Gordon v. Cowtown Express Logistics LLC, Et AL.*, No. 4:25-CV-547-P, 2026 WL 562786, at *5 (N.D. Tex. Jan. 8, 2026).  When abandonment or waiver occurs in this way, dismissal under Rule 12(b)(6) is

proper.  *See MCR Oil Tools, LLC*, 2020 WL 13133311, at *9 (dismissing fraud claim under Rule

12(b)(6) because a plaintiff did not respond to a defendant's economic loss argument).

The entirety of Plaintiff's response to Defendant's Motion to Dismiss regarding his

negligence claim is as follows:

> Duty: Under Texas law, a party who undertakes to hold another's data has a duty to exercise reasonable care in protecting it. This is a common-law duty that exists independently of any contract. X Corp. held itself out as a secure platform for users to entrust with their information, creating a special relationship and a corresponding duty of care.
>
> . . . .
>
> Breach and Causation: As alleged in the FAC, X Corp. breached this duty by failing to implement reasonable security measures, and this breach directly caused the data compromise that led to Plaintiff's injuries.

(Pl.'s Resp. at 4-5.)  Plaintiff, in his response, chose not to respond substantively to Defendant's

argument that his negligence claim is barred by the economic loss rule.  (*See* Def.'s Mot. to Dismiss

at 11-12.)  Thus, the Court **FINDS and CONCLUDES** that dismissal of Plaintiff's negligence

claim is proper.  *See MCR Oil Tools, LLC*, 2020 WL 13133311, at *9.  Consequently, the Court

**RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claim for

negligence and that such claim be **DISMISSED WITH PREJUDICE**.[2]

## B.    <u>Count II: Breach of Contract</u>

As to his breach of contact claim, Plaintiff alleges that "Defendant materially breached"

the contract[3] between them "by failing to uphold its promise to protect user data, rendering its

security assurances meaningless."  (Pl.'s Am. Compl. at 2.)  Defendant argues that "Plaintiff's

---

[2] The Court notes that even if the Plaintiff did not abandon this argument, the economic loss rule clearly applies. (*See* Def.'s Mot. to Dismiss at 11.)

[3] As noted above, the parties agree that the contract in question is Twitter's terms of service and privacy policy.  (*See* Pl.'s Am. Compl. at 2; *see also* Def.'s Mot. to Dismiss at 7.)

[breach of contract] claim[] fall[s] squarely within, and [is] barred by, the [contract's] disclaimer, which provide[s], in relevant part, that (a) Plaintiff uses Twitter 'at [his] own risk' and (b) X Corp. 'make[s] no warranty or representation and disclaim[s] all responsibility and liability for . . . the security or reliability of the Services[,] . . . loss of data, or other harm that results from [his] access to or use of the Services . . . [or] whether the Services will be . . . available on . . . [a] secure basis.'" (Def.'s Mot. to Dismiss at 13 (quoting Defendant's Exhibit 1, at 9-10).)  Plaintiff does not dispute that his breach of contract claim falls within the above disclaimer.  (*See* Pl.'s Resp. at 2-3.)  Instead, Plaintiff argues that enforcement of the disclaimer and limitation of liability provision would be unconscionable and such provisions do not apply to claims for gross negligence. (*See* Pl.'s Resp. at 3.)

In Texas, "[l]imitation-of-liability clauses . . . are generally valid and enforceable." *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 231 (Tex. 2019). However, "[u]nconscionable contracts are unenforceable under Texas law." *Emily's Place, Inc. v. Regions Bank,* 764 F. Supp. 3d 485, 493 (N.D. Tex. 2025).  "Whether a contract is contrary to public policy or unconscionable at the time it is formed is a question of law." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 349 (Tex. 2008).

Plaintiff first argues that the liability limitation provision is unconscionable because "X Corp., a multi-billion dollar company, presented [the contract] to consumers on a take-it-or-leave-it basis." (Pl.'s Resp. at 3.)   Plaintiff, although he cites no authority, appears to be arguing that the contract was an adhesion contract and, as a result, unconscionable.  *See Heaven v. Chase Home Fin. LLC*, No. 3:08-CV-1872-L, 2009 WL 3163546, at *4 (N.D. Tex. Sept. 30, 2009)(an adhesion contract "is a standardized contract form for consumer goods and services that are offered on a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain, and

under such conditions that the consumer cannot obtain the desired product or services except by acquiescing"). However, a "contract of adhesion, . . . [is] not *per se* unconscionable or void" in Texas. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006) (emphasis in the original). As relevant here, the Texas Supreme Court has noted that "the principles of unconscionability do not negate a bargain because one party to the agreement may have been in a less advantageous bargaining position." *Id.* at 679. As such, the fact that the contract may be one of adhesion does not provide a basis to find the disclaimer and limitation of liability provision unconscionable.

Plaintiff next argues that "contractual limitations of liability may not apply to claims for gross negligence." (Pl.'s Resp. at 3.) However, Plaintiff has not pleaded a claim for gross negligence. (*See* Pl.'s Am. Compl. at 2.) Further, in Texas, "agreements to limit liability for future negligence are enforceable." *Fox Elec. Co., Inc. v. Tone Guard Sec., Inc.*, 861 S.W.2d 79, 82 (Tex. App.—Fort Worth 1993, no writ) (citing *Allright, Inc. v. Elledge,* 515 S.W.2d 266, 267 (Tex.1974)); *Interstate Fire Ins. v. First Tape, Inc.,* 817 S.W.2d 142, 145 (Tex.App.—Houston [1st Dist.] 1991, writ denied)). As such, this argument also does not provide a basis to find the disclaimer and limitation of liability provision unconscionable.

Because Court finds that the liability limitation provision applies and are valid under Texas law, the Court **FINDS and CONCLUDES** that dismissal of Plaintiff's contract claim is proper. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claim for breach of contract and that such claim be **DISMISSED WITH PREJUDICE**.

## IV.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant X Corp.'s Motion to Dismiss Plaintiff's Amended Complaint [doc. 52] be **GRANTED** and that all claims against Defendant be **DISMISSED WITH PREJUDICE.**[4]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29

---

[4] As set forth above, a dismissal with prejudice is appropriate when amending a complaint would be futile, *Schiller*, 342 F.3d at 566, or "if the court determines the plaintiff has alleged his best case." *Jones*, 188 F.3d at 327. The Court finds that Plaintiff has plead his best case because this is Plaintiff's amended complaint, and the Court has already given Plaintiff a final opportunity to amend his complaint to plead his best case prior to considering Defendant's motion to dismiss. (*See* Order Requiring Plaintiff to File an Amended Complaint at 1.)

(5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 30, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 16, 2026.

_____

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

9